## Arnone v. Acme Markets Inc.

*William J. Clemens,* for plaintiffs.
*Christopher M. Tretta,* for defendant.

AVELLINO, *J.,* April 22, 1987 — Vincent Arnone has claimed an impairment of his earning capacity as a consequence of injuries sustained when he slipped and fell in an Acme Supermarket. He is a self-employed owner and operator of a variety store, and the parties agree that his federal income tax

returns for certain years are within the scope of our discovery rules. See Pa.R.C.P. 4003.

In response to an early request for production (rule 4009), plaintiffs have provided either complete or substantially complete IRS returns for the relevant time periods. Recently, however, Acme has demanded that they execute IRS authorizations, which will enable Acme to obtain and review all plaintiff's tax returns (including attachments) for the years 1979 to 1985.

Plaintiffs have declined to execute the authorizations, and Acme has filed a discovery motion asking us to order them to do so or risk sanctions.

We deny the motion. Because we have been called upon to deny a hundred similar motions since last September, many unopposed, it is appropriate that we explain and instruct.

Discovery did not exist in any meaningful sense at common law. Accordingly, we have no inherent power to direct it. Our authority to order discovery — and to punish miscreants — is embodied in, and limited by the Rules of Civil Procedure. And, we can find no rule of discovery which authorizes a motion such as that sought here. Neither could other judges who considered the issue. See e.g., *Greynolds v. McAllister,* 130 P.L.J. 414 (1982); *Osborne v. Sears, Roebuck & Co.,* 133 P.L.J. 471 (1985).

In *Greynolds,* a defendant asked the court to order the plaintiff to execute a medical authorization. Without such authorization, he argued, he could not obtain certain records for plaintiff's decedent. The court denied the motion holding that there was no discovery rule which authorized it. In *Osborne v. Sears, Roebuck & Co., supra,* a discovery motion seeking to compel a plaintiff to re-enact how he was holding a power saw at the time of his accident was denied for the same reason.

Acme's counsel has tried to distinguish this case from *Greynolds* by explaining that defendant there could have subpoenaed the medical records for deposition. Here, federal law precludes that. Accordingly, he has no way — or so he claims — of insuring himself that any records he obtains from plaintiff will be either genuine or complete. He closes his prayer for relief by invoking Pa.R.C.P. 126 which obliges us to construe all the Rules of Civil Procedure liberally to secure the just, speedy and inexpensive determination of every action. We respond by noting that rule 126 is not a blanket authorization for us to rewrite the discovery rules to accommodate this motion.

Moreover, defendant's twin concerns — genuineness and completeness — can be handled fairly without changing the language of Pa.R.C.P. 4009, which authorizes us to order a party to produce records "which are in his possession, custody or control." IRS records of a party are in the control of that party for purposes of rule 4009 because he or she can, with an authorization, obtain them — certified, if necessary. See *Greynolds v. McAllister, supra,* (physician records).

When we explained this to defense counsel at argument, he winced and observed that using rule 4009 means imposing a middleman — plaintiff's counsel. He implied that plaintiff's lawyer will likely delete all non-discoverable materials before production. We certainly hope so. Plaintiff's lawyer has a non-delegable duty to protect his clients from impermissible invasions of privacy. Their tax returns may include matters that are privileged, perhaps even constitutionally protected. They may include matters that have no conceivable relationship to the case and which might occasion unreasonable embarrassment if disclosed.

We thus join our learned colleague, Judge Wettick, in dismissing as absurd the notion that a party's lawyer ought not be permitted to do his or her job simply because there is a risk that this may result in another party not receiving all of the records which our rules permit.

This risk factor attends all discovery requests under rule 4009. It does not justify our treating a motion to produce IRS returns directed to a plaintiff in a different fashion from a motion to produce the file of an insurance adjustor directed to a defendant. *Greynolds v. McAllister, supra.*

We remind counsel that the decision of a responding party to withhold documents is not entirely free from court scrutiny. A responding party can and should be requested to list and briefly describe those documents withheld. This practice, which we expressly approve, affords counsel a framework within which they may negotiate and hopefully resolve disclosure issues. Moreover, it allows the court to narrow its focus if their discussions fail. Meanwhile, limited discovery of all privilege claims is permitted by the rules. See for example, *Hopewell v. Adebimpe,* 18 D.&C. 3d 659 (1981) (attorney-client). Finally, in the appropriate case, documents that were not produced may be reviewed by the court in camera.

For these reasons, then, we direct that the following order be entered.

## ORDER

Defendant's motion to compel plaintiff to execute IRS authorizations is denied. With a view towards judicial economy, we direct the following:

(1) Plaintiff shall produce certified copies of his

IRS returns for the years in question, deleting therefrom all matters protected from discovery.

(2) Plaintiff shall list and briefly describe any entry omitted or document not produced.

(3) In lieu of complying with paragraphs (1) and (2), plaintiff *may* furnish defendant with executed IRS authorization in the form required by the federal government.Hartford Insurance Company